**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANIEL B. LAYTON,<br><br>        Plaintiff-Appellant,<br><br>  v.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner of Social Security,<br><br>        Defendant-Appellee. | No.   15-15671<br><br>D.C. No. 2:13-cv-02635-MHB<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Michelle H. Burns, Magistrate Judge, Presiding

Argued and Submitted March 14, 2017
San Francisco, California

Before:  FERNANDEZ, MURGUIA, and WATFORD, Circuit Judges.

**1.**  The administrative law judge (ALJ) did not provide specific, legitimate

reasons for rejecting the opinion of Daniel Layton's treating physician, Dr. Stumpf.

*See Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988).  The ALJ merely offered

unexplained assertions that the opinions of the state agency physicians were more

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

persuasive than Dr. Stumpf's, and suggested that Dr. Stumpf had improper motives, without citing any evidence of actual impropriety. These do not qualify as specific, legitimate reasons. *See Garrison v. Colvin*, 759 F.3d 995, 1013 (9th Cir. 2014); *Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1995). Absent such reasons, the ALJ should have credited Dr. Stumpf's opinion over those of the non-examining state agency physicians. *See Garrison*, 759 F.3d at 1012. The failure to do so was error.

**2.** The ALJ's hypothetical questions to the vocational expert did not capture Layton's limitations in the areas of concentration, persistence, and pace. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001). Substantial evidence, such as the opinions of the state agency physicians, supported inclusion of these limitations in Layton's residual functional capacity. The ALJ therefore erred by not including them in the hypothetical.

**3.** Although the ALJ cited the applicable two-step test for assessing the credibility of a claimant's subjective symptom testimony, he did not apply that test correctly. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007). First, an ALJ must determine whether the claimant's diagnosed impairments could reasonably be expected to produce the symptoms alleged. *Id.* at 1036. Second, if the first step is satisfied and there is no evidence of malingering, the ALJ can reject

the claimant's symptom testimony only on the basis of specific, clear, and convincing reasons supported by substantial evidence. *Id.*

Here, the ALJ concluded that Layton's impairments could reasonably be expected to cause only some of his alleged symptoms, but did not specify which symptoms he was referencing. The ALJ then concluded that Layton's limitations were not as disabling as alleged because Layton's hobbies included reading, watching television and movies, and playing video games. These activities require significantly less concentration, stamina, memory, and interpersonal skills than the jobs identified by the vocational expert. Layton's hobbies are not clear and convincing reasons for rejecting his symptom testimony, especially because the ALJ failed to specify which symptoms could reasonably be caused by Layton's impairments. *See Burrell v. Colvin*, 775 F.3d 1133, 1137–38 (9th Cir. 2014).

The ALJ's decision denying Layton's claim was not supported by substantial evidence. We remand to the district court with instructions to remand to the Commissioner for further proceedings.

**REVERSED and REMANDED.**